## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MICHIGAN

METROPOLITAN LIFE INSURANCE
COMPANY, a foreign corporation,                     Case No.

    Plaintiff,                                       Hon.

v.

LARRY EDWARDS AND ELOISE
EDWARDS,

    Defendants.

_____

BODMAN PLC
Michelle Thurber Czapski (P47267)
Gordon J. Kangas (P80773)
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
mczapski@bodmanlaw.com
gkangas@bodmanlaw.com
*Attorneys for Plaintiff*

_____

## METROPOLITAN LIFE INSURANCE COMPANY'S
## COMPLAINT IN INTERPLEADER

Interpleader Plaintiff Metropolitan Life Insurance Company ("MetLife"), by

its attorneys Bodman PLC, for its Complaint in Interpleader states:

## PARTIES

1.      MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of Michigan.

2.      Upon information and belief, Defendant Eloise Edwards ('Eloise") is the spouse of Charles Lewis Edwards (the "Decedent") resident of Kansas City, Kansas.

3.      Upon information and belief, Defendant Larry Edwards ("Larry") is the brother of the Decedent, and is a resident of Benton Harbor, Michigan.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

5.      Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1397, and 28 U.S.C. § 1391(b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

6.     The Decedent was a retired employee of General Motors Corporation (n/k/a General Motors Company) ("General Motors") and a participant in the General Motors Life and Disability Benefits Program ("the Plan"), an ERISA-governed employee welfare benefit plan sponsored by General Motors, and funded by a group life insurance policy issued by MetLife.

7.     MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

8.     ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

9.     The Certificate of Insurance for the Plan establishes, at page 44, the right of a Plan participant to name his or her beneficiary, and states that benefits will be paid to the beneficiary.  The Certificate of Insurance provides, in relevant part:

**Your Beneficiary**

The "Beneficiary" is the person or persons YOU choose to receive any benefit payable because of YOUR death.

YOU make YOUR choice in writing on a form approved by us.  This form must be filed with the records for THIS PLAN.

YOU may change the Beneficiary at any time by filing a new form with us.  YOU do not need the consent of the Beneficiary to make a

3

change.  When we receive a form changing the Beneficiary, the change will take effect as of the date YOU signed it.  The change of Beneficiary will take effect even if YOU are not alive when it is received, provided such change of beneficiary is received prior to the payment of benefits.  Any beneficiary designation made for Basic Life Benefits will also apply to Accidental Death or Dismemberment Benefits.

A true and correct copy of the Certificate of Insurance is attached hereto as Exhibit A.

10.    The most recent beneficiary designation on file is dated April 3, 2017, and names Larry as sole primary beneficiary (the "2017 Beneficiary Designation"). The 2017 Beneficiary Designation was made electronically, and e-signed by the Decedent.  A true and correct copy of the 2017 Beneficiary Designation is attached as Exhibit B.

11.    The next prior beneficiary designation is dated November 13, 2013 and names Eloise as sole primary beneficiary (the "2013 Beneficiary Designation").  A true and correct copy of the 2013 Beneficiary Designation is attached as Exhibit C.

12.    The Decedent died on November 25, 2021.  A true and correct copy of the Decedent's Death Certificate is attached as Exhibit D.

13.    At the time of his death, the Decedent was enrolled under the Plan for Basic Life insurance coverage in the amount of FORTY SIX THOUSAND NINE HUNDRED FORTY THREE DOLLARS ($46,943.00) (the "Plan Benefits").  The

Plan Benefits became payable upon the Decedent's death, pursuant to the terms of the Plan.

14.    On or about December 21, 2021, MetLife received a Life Insurance Claim Form from Larry, claiming the Plan Benefits.  A true and correct copy of the Life Insurance Claim Form submitted by Larry Edwards is attached as Exhibit E.

15.    On or about January 11, 2022, Eloise contacted MetLife and indicated that she believed that she was the proper beneficiary of the Plan Benefits and that the Decedent had suffered a stroke in 2015, rendering him incapable of changing his beneficiary thereafter.  Eloise requested that an investigation of the claim be conducted.  A true and correct copy of email correspondence from Eloise Edwards dated 1/11/22 is attached as Exhibit F.  Eloise subsequently submitted additional correspondence and documents in support of her claim.

16.    In support of his claim, Larry informed MetLife via phone that Eloise had been accused of elder abuse with regard to the Decedent.  Larry's sibling, Burlie Hanson, subsequently submitted materials regarding the criminal proceedings against Eloise in the State of Kansas regarding her care of the Decedent.  A true and correct copy of correspondence and materials sent by Burlie Hanson to MetLife is attached as Exhibit G.

17.    MetLife sent Defendants a letter dated February 15, 2022, notifying them of their competing claims and explaining that the Plan Benefits could not be

5

paid until the dispute was satisfactorily resolved.  The letter further explained that an interpleader action would be necessary if Defendants could not resolve the matter independently.  A true and correct copy of the letter is attached hereto as Exhibit H.

18.    The Defendants have not indicated that they have reached an agreement as to how the Plan Benefits should be distributed.

19.    MetLife cannot determine whether a court would conclude that the 2017 Beneficiary Designation is valid.

20.    If a court were to determine that that 2017 Beneficiary Designation is valid, the Plan Benefits would be payable to Larry.

21.    If a court were to determine that the 2017 Beneficiary Designation is invalid, the Plan Benefits would be payable to Eloise.

22.    As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorneys' fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom the Plan Benefits should be paid.

23.    MetLife has not brought and does not bring this Complaint for Interpleader at the request of any of the Defendants; there is no fraud or collusion between MetLife and any of the Defendants; MetLife has not been indemnified by any of the Defendants with respect to the matters involved in this case; and

MetLife brings this Complaint for Interpleader of its free will so as to avoid being vexed and harassed by conflicting and multiple claims.

24.    MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, and less any attorneys' fee awarded by this Court, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife respectfully requests the Court enter an Order:

(i)    Requiring Larry Edwards and Eloise Edwards litigate or settle and agree between themselves their claims to the Plan Benefits, or upon their failure to do so, that this Court determine to whom the Plan Benefits, plus any applicable interest, should be paid;

(ii)    Permitting MetLife to pay into the Registry of the Court the Plan Benefits, plus any applicable interest and less any attorneys' fees and costs awarded by the Court;

(iii)    Restraining and enjoining Larry Edwards and Eloise Edwards, and any other person who may claim an interest in the Plan Benefits, from instituting any action or proceeding in any state or United States court against MetLife, the Plan, or General Motors, for the recovery of the Plan Benefits or any portion of the Plan Benefits, by reason of the death of the Decedent;

(iv)    Dismissing MetLife with prejudice from this action;

(v)    Discharging and releasing MetLife, the Plan, and General Motors from any further liability to Defendants, to any other such persons who may appear to have an interest in the Plan Benefits and who may subsequently appear as parties in this case, and to all other persons whatsoever from any and all claims to the Plan Benefits at issue, upon payment of the Plan Benefits, plus any applicable interest, and less any attorneys' fees and costs awarded by this Court, into the Registry of this Court, or as otherwise directed by this Court;

(vi)    Awarding MetLife its costs and attorney's fees; and

(vii)    Awarding MetLife such other and further relief as this Court deems just equitable and proper.

Respectfully submitted,

BODMAN PLC

By:   /s/Michelle Thurber Czapski
Michelle Thurber Czapski (P47267)
Gordon J. Kangas (P80773)
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
mczapski@bodmanlaw.com
gkangas@bodmanlaw.com
Attorneys for Plaintiff

Dated:  May 27, 2022